## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 13-252 |
| | ) | |
| TOMAS DE JESUS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**CONTI, Senior District Judge.**

### I.        Introduction

Pending before the court is a motion for early termination of supervised release filed by defendant Tomas De Jesus ("De Jesus"). (ECF No. 1512.) De Jesus argues that his term of supervised release should be terminated because since he was released from imprisonment he has "worked steadily[,]" abided the conditions of his supervised release, and is not a danger to the community. (Id. ¶ 4.) The government responded to De Jesus' motion arguing, among other things, that early termination of De Jesus' term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a). (ECF No. 1519.) For the reasons set forth in this opinion, including the court's consideration of the factors set forth in 18 U.S.C. § 3553(a), De Jesus' motion for early termination of supervised release will be denied without prejudice.

### II.        Procedural History

On August 29, 2016, De Jesus pleaded guilty to count one of the second superseding indictment, i.e., conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 500 grams or more of methamphetamine, and 1 kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(A)(viii), and

846. On February 9, 2017, this court sentenced De Jesus to a term of imprisonment of 24 months

and a term of supervised release of 60 months. (ECF No. 1352.)  According to the government,

De Jesus completed the 24-month term of imprisonment and was released from federal custody

in November 2018. De Jesus, therefore, has served approximately 27 months of his 60-month

term of supervised release.

On November 22, 2020, De Jesus filed the motion for early termination of his term of

supervised release. The government filed a response in opposition to the motion. De Jesus'

motion having been fully briefed is now ripe to be decided by the court.

### III.   Discussion

#### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of

supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, No. 20-1158, 2020 WL

6108619, at *3 (3d Cir. Oct. 16, 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section
> 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and
> (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the
> > defendant released at any time after the expiration of one year
> > of supervised release, pursuant to the provisions of the Federal
> > Rules of Criminal Procedure relating to the modification of
> > probation, if it is satisfied that such action is warranted by the
> > conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district

court must consider the following factors:

---

[1]    Supervised release "serves an entirely different purpose than the sentence imposed under
§ 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011).  It "fulfills rehabilitative
ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59
(2000).

– the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

– the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

– the sentencing range established by the Sentencing Commission, § 3553(a)(4);

– any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

– the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

– the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 2020 WL 6108619, at *3. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id.

The Third Circuit Court of Appeals recently clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen

3

circumstances ***must*** be shown." Id. (emphasis added).[2] In other words, "a district court need not

find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early

termination of a term of supervised release before granting a motion under 18 U.S.C. §

3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the

defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in §

3583(e)(1) to determine whether early termination of De Jesus' term of supervised release is

warranted by his conduct and is in the interest of justice.

### B.  Section 3553(a) Factors

#### 1.  The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

As the court acknowledged at the time of sentencing, De Jesus committed a serious

offense, involving large amounts of drugs, the distribution of which has devastating effects on

the community. The presentence investigation report summarized De Jesus' involvement in the

large-scale conspiracy as follows:

> Mr. De Jesus was in Pittsburgh to assist Angel Rodriguez (a/k/a "Tio"), who the
> Organization moved to Pittsburgh to accept receipt of the drug shipments from
> tractor trailers and to accept receipt of the corresponding drug proceeds from Carde.
> When Mr. De Jesus was in Pittsburgh, he would deal directly with Rodriguez and
> Carde. Mr. De Jesus would discuss and, at times, see large quantities of illegal
> drugs.
> …
> Mr. De Jesus also assisted Melendez with the Organization's operations in other
> cities beyond Pittsburgh and Cleveland. It was reasonably foreseeable to Mr. De
> Jesus as a result of his knowledge of, and participation in, the conspiracy charged
> in count 1 of the second superseding indictment that it involved at least 15

---

[2]     The court of appeals explained that the language in United States v. Laine, 404 F. App'x
571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e)
should occur only when the sentencing judge is satisfied that something exceptional or
extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin,
2020 WL 6108619 at *3.

kilograms of cocaine, at least 1 kilogram of heroin, and at least 500 grams of methamphetamine.

(ECF No. 1303 ¶ 13, 18.)

As this court explained at the time of De Jesus' sentencing, he had no criminal history, a strong work ethic, and strong family values. According to De Jesus, he currently resides in Clearwater, Florida, works as a sales manager, and has abided by all conditions of his supervised release. His probation officer does not oppose his request for the early termination of his supervised release.

Despite De Jesus' compliance with the conditions of his supervised release, including living a law-abiding life and being employed, the serious nature of his crime weighs against the early termination of his supervised release.

> **2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)***

De Jesus at the time of sentencing qualified for the "Safety Valve," pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The court, therefore, imposed upon De Jesus a term of imprisonment of 24 months without regard to the statutory minimum term of imprisonment of 10 years prescribed by 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii) and 841(b)(1)(A)(viii). The applicable sentencing guideline range for a term of imprisonment was 78 months to 97 months. The court—in imposing a term of imprisonment of 24 months—granted De Jesus a *significant* variance because of his strong family values employment record, non-violent history, and remorse. Despite De Jesus' "Safety Valve" eligibility, the court imposed upon him the statutory minimum term of supervised release of 5 years.

De Jesus' serious criminal conduct warranted a significant term of supervised release, especially because of the significant variance granted to him with respect to his term of imprisonment. De Jesus has completed only 27 months of his 60-month term of supervised release. Under those circumstances, this factor weighs against the early termination of his supervised release because a significant term of supervised release is still warranted in this case to deter others from committing similar crimes in the future.

### 3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)

As discussed above, the court granted De Jesus a *significant* variance with respect to the term of imprisonment imposed upon him. The court sentenced him to the statutory minimum term of supervised release and at the high-end of the applicable sentencing guideline range because, among other things, the significant variance granted to De Jesus with respect to his term of imprisonment and the need to provide just punishment for his offense.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

No pertinent policy statements were raised by the parties with respect to this matter.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).

There is no evidence that De Jesus' term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7).

Despite the devastating effects that crimes involving large amounts of controlled substances have on the community, restitution is not applicable in this case.

### C.  Whether early termination is warranted and in the interest of justice

In support of his motion, De Jesus asserts that he is employed and has "been a responsible, law-abiding citizen[,]…does not represent a danger to the public and is no longer in need of costly supervision."  (ECF No. 1512 ¶ 4.) Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and being employed, however, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community. De Jesus' conduct is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime, the need to deter criminal conduct, and the variance in the term of imprisonment granted to him at the time of sentencing, the interests of justice are best served by him completing his term of supervised release.

### IV.    Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 1512) without prejudice.

An appropriate order follows.

Dated: February 4th, 2021                     BY THE COURT:

                                              /s/ JOY FLOWERS CONTI
                                              Joy Flowers Conti
                                              Senior United States District Judge

7